**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40185
Summary Calendar

CHARLES SIMMONS; ROLAND CARMEN,

Plaintiffs-Appellants,

VERSUS

ROTHE DEVELOPMENT, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

G-95-CV-721

November 28, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Simmons and Roland Carmen filed suit against their employer, Rothe Development, Inc., alleging that Rothe discriminated against them in violation of Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. The district court granted summary judgment in Rothe's favor. Simmons and Carmen now appeal. We affirm.

First, the plaintiffs argue that the district court improperly dismissed their Title VII claims on the ground that they were filed

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more than 90 days after their counsel received right-to-sue letters from the EEOC.  We agree with the district court's conclusion that the suit was untimely filed.  The 90-day filing period established by 42 U.S.C. 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the claimant *or* to the offices of formally-designated counsel for the claimant.[2]  The uncontroverted summary judgment evidence shows that the plaintiffs' attorney filed suit more than 90 days after the right-to-sue letters issued on behalf of Carmen and Simmons were delivered to his office.  The district court properly dismissed the plaintiffs' Title VII claims with prejudice.

Second, the plaintiffs argue that the district court abused its discretion in denying their Motion to Abate and Motion to Extend Time.  In filing these motions, the plaintiffs sought additional time both to take several depositions and to respond to the defendant's Second Motion for Summary Judgment.[3]  As the district court noted, however, the plaintiffs failed to offer any reasonable explanation for not completing enough discovery to respond adequately to the defendant's motion.[4]  Moreover, the plaintiffs have failed to show how the requested discovery would have defeated the defendant's motion.  The district court did not

---

[2] *Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); see also *Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990).

[3] The plaintiffs' 42 U.S.C. § 1981 claims remained outstanding after the district court dismissed their Title VII claims.

[4] The plaintiffs' attorney did not request a single deposition until 13 months after suit was filed.

abuse its discretion in denying the plaintiffs' motions.

Finally, the plaintiffs argue that the district court improperly granted summary judgment in Rothe's favor on their 42 U.S.C. § 1981 claims. The plaintiffs' allegations of discrimination, however, are inadequate to survive summary judgment. Rothe satisfied its burden of production by proffering legitimate, nondiscriminatory reasons for its allegedly discriminatory action.[5] The plaintiffs, on the other hand, did not present compelling evidence to suggest that these reasons were pretextual.[6] There is no genuine issue of material fact in the record before us that would preclude summary judgment.

AFFIRMED.

---

[5] See *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471 (5th Cir. 1992).

[6] See *Singh v. Shoney's, Inc.*, 64 F.3d 217 (5th Cir. 1995).